LAMBERT, J., concurring specially, with opinion. I fully concur with the majority opinion to reverse and remand this case for the trial court to hold an evidentiary hearing consistent with Stmx. Mindful that appellate courts are not empowered to make findings of fact, Boyles v. A & G Concrete Pools, Inc., 149 So.3d 39, 51-52 (Fla. 4th DCA 2014), I nevertheless write to explain why, in my view, the evidence suggests that Mansfield’s complaint was timely filed. The record summary judgment evidence shows that on January 11, 2008, the Osceola County clerk issued an “official clerk receipt,” which clearly states that on that day the clerk received a $259 check from Mansfield’s attorneys as a filing fee for a complaint that it received that day that was described in the receipt as “Mansfield v. R.J. Reynolds.” The receipt also indicates that the complaint was assigned ease number CI-08-ON-288. What also appears undisputed is that the law firm’s check for the filing fee was inadvertently made payable to the Orange County Clerk of Court instead of the Osceola County Clerk of Court. The affidavits filed by Mansfield’s attorneys state that the Osceola Clerk of Court’s office later telephoned counsel about this discrepancy and that on Monday, January 14, 2008, the attorneys delivered a second check to the clerk’s office, this time payable to the Osceola County Clerk of Court. At 4:47 P.M. on January 14, 2008, the Osceola County clerk time-stamped a complaint titled “Mansfield v. R.J. Reynolds Tobacco Company,” but assigned case number CI-08-ON-311 to the complaint. It is the complaint assigned case number CI-08-ON-311 that was later determined by the trial court to be untimely filed. . Tobacco Companies and the trial court appear to place great significance on the fact that there were two different case numbers. This would be significant' only if there'- was a separate, unrelated suit filed by Mansfield against Tobacco Companies on January 11- and the instant suit “filed” on January 14. At the first of two summary judgment hearings held below,'the trial court determined that case number CI-08-ON-238 did “not belong to a case in the clerk’s system.” However, the evidence suggests that something was filed by Mansfield on January 11, 2008, against Tobacco Companies; otherwise, the clerk would not have issued the receipt for a filing fee reflecting the filing of a complaint by Mansfield on that date., , What appears to be the most pláusible explanation here is that only one complaint was filed by Mansfield against Tobacco Companies and that it was received by the Osceola County clerk on January 11. The case was assigned case number CI-08ON-238, but because the filing fee check was made payable to the wrong clerk of court, the clerk backed that case number out of its system. Then, when the check properly payable to the Osceola County Clerk of Court was-delivered to the clerk on Monday, January 14, the clerk assigned the complaint a new case number (CI-08ON-331), because other unrelated cases had been filed in. the interim and other case numbers had been assigned to these separate cases. This explanation is further supported by a close review of the more detailed, photographed copy of Mansfield’s complaint contained in the supplemental records filed with this court. It is evident that something was “whited out”[2] on the first page of the complaint oyer which the clerk’s date stamp. of January. 14, 2008, 4;47 P.M. stamp was later placed. An examination of the reverse side of the first page of this same document appears to show, through, the “white put,” an Osceola County Clerk of Court date stamp bearing a date and time of January 11, 2008 at 9:42 A.M. Assuming that the competent evidence at the evidentiary hearing bears all this out, then Mansfield’s complaint was timely filed and Tobacco Compánies’ Engle statute of limitations defense is without merit. . Our present system of electronic filing was not in effect in the Osceola County clerk’s office back in 2008. Back then, a white liquid substance was at times used to correct mistakes on documents; hence, the term "white out.”